**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

SoCap USA, Inc.

                            Plaintiff,                                  **COMPLAINT**

                     -against-                                       Jury Trial

SO. CAP. SRL, SHE SRL, SHE USA, INC.
SHE Hair Pro aka SHE Hair Extensions, Alain Hair
Extensions Co., Sacha Q Project Inc., Sacha Quarles,
Antonio Di Biase, ADB Corp., John and Jane Does 1-5
ABC Corp. 1-5,

                           Defendants.

----------------------------------------------------------------X

       Plaintiff, by and through her lawyers, Devon M. Radlin and Vik Pawar, Esqs., respectfully

alleges as follows:

## PRELIMINARY STATEMENT

1. This is a breach of contract action.  This is also an action to hold defendant in contempt

of court for failing to comply with a lawfully served Rule 45 subpoena.

## JURISDICTION

2. This is a diversity action where the amount exceeds $75,000.00 and the plaintiff and

defendant are citizens of two different states.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

3. Plaintiff commenced an action against the defendant in the SDNY on July 17, 2017. See

Exhibit 1 hereinafter referred to as "Lawsuit".

4. The factual allegations surrounding that Lawsuit are as follows:

a.  action arises from the breach of an exclusive marketing and distributorship agreement and distributorship agreement between Defendant, SO.CAP ., S.R.L., a corporation based in Italy and Plaintiff, SOCAP USA, a company organized under the laws of the State of New York. For nearly the past 15 years, Plaintiff had an exclusive right to sell Defendant's hair extension products in North and Central America.

b.  After fifteen years of benefitting from Plaintiff's efforts to market and promote Defendant's product line and build goodwill in its trademark(s) and products throughout the United States, incurring expenses of more than two million dollars in promotions and trade shows, Defendants now seek to circumvent Plaintiff and wrongfully reap the benefits of its efforts by directly selling their product line in the North American market in breach of the parties' agreement.

c.  Defendants have recently admitted that they formed their own company in the U.S., and, as of May 2017, had begun to directly market and sell their products line in North America so as to "increase prestige and profit".

d.  Plaintiff asserts claims for, inter alia, breach of contract, unfair competition, promissory estoppel, and unjust enrichment.

e.  Furthermore, Defendants have, upon information and belief, made arrangements with certain Plaintiff's U.S. distributors, despite knowing that such arrangements would breach the express non-compete covenants in Plaintiff's written agreements with such third-party companies. Accordingly, Plaintiff also brings claim against Defendants for tortious interference with SOCAP USA's third-party distributorship contracts with its own sub-distributors located throughout the United States.

f.  Plaintiff SOCAP USA, Inc. ("SOCAP USA") is a corporation organized under the laws of the State of New York, with its principal offices located at 175 Myrtle Avenue, Mahopac, New York.

g.  Defendant SHE USA, Inc. is a company formed on or about March 10, 2017, under the laws of the State of Florida, with offices at 106 SE 9th Street, Ft. Lauderdale, Florida. SHE USA is, upon information and belief, the alter ego of SOCAP Italy. By correspondence dated May 5th, 2017, Defendants represented that this company is "directly controlled by DiBiase family," the owners of defendant SOCAP Italy.

h.  Prior to 2001, Defendant SOCAP Italy did not and could not directly sell its products in the market of North America.

i.  From 2002 to the present, SOCAP USA has fulfilled its contractual obligations and promoted SOCAP Italy's product lines at trade shows, print media, and over the internet, as well as solicited companies for its distribution network.

j.  In doing so, over a period of fifteen years, SOCAP USA expended more than two million dollars in marketing related expenses.

5.  As a result of the "Lawsuit" the parties reached an agreement.  See Exhibit 2 hereinafter referred to as "Agreement".

6.  However, despite entering into the Agreement, defendants have failed to abide by the terms.

7.  In addition to the original defendants, additional defendants have benefitted from the plaintiff's name and goodwill, and further exploited the Agreement to their benefit and to the detriment of the plaintiff.

8.  Earlier this year in an effort to enforce the terms of the Agreement, plaintiff served

subpoenas upon the defendants.  See Exhibit 3, hereinafter referred to as "Subpoenas."

9.   Defendants accepted the subpoena and feigned compliance with them.

10. However, they violated the spirit and goal of the subpoenas by stalling and failing to produce the required documents.

## AS AND FOR THE FIRST CAUSE OF ACTION
(Breach of Contract)

11. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

12. Defendants breached the parties Agreement by the following conduct, including but not limited to: (a) Refusing to provide Plaintiff with business documents for an audit and/or accounting as to gross sales; (b) Advising clients of Plaintiff that it was "illegal" to purchase product from Plaintiff; (c) Failing to invoice Plaintiff under a best price per unit; (d) Refusing to comply with an accounting despite written notice; (e) Selling product in Plaintiff's territory; (f) Refusing to provide receipts and proof of sale for gross sales; (g) Demanding upfront payment for product charged at higher prices than other distributors; (h) Refusing to provide product to Plaintiff; and (i) Failed to pay royalties pursuant to 6(r) of the Agreement.

13. Defendants' actions have caused Plaintiff's to suffer additional attorney fees, loss of income and has tortiously interfered with their business.

14. Plaintiff has made requests to cure these defaults without success.

## AS AND FOR A SECOND CAUSE OF ACTION
(Contempt of Court)

15. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

16. Plaintiff served the defendants with two separate subpoenas on April 20, 2023 and May 9, 2023.

17. Pursuant to FRCP 45, defendants were to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

18. Despite numerous good-faith attempts, defendants failed to comply with the subpoena.

19. As such, the defendants are in contempt and this Court has the power to the subpoenas. Under Rule 45(g) "[t]he court for the district where compliance is required may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

20. As a result of defendants' non-compliance, plaintiff has been unable to locate John and Jane Doe and ABC corporations who could also be liable to the plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION
(Costs and Attorney Fees)

21. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth in.

22. Defendants failed to comply with the terms of the agreement that forced plaintiff to discontinue the Lawsuit.

23. Defendants flouted the Court's Rule 45 subpoenas.

24. As a result of the defendants' conduct, plaintiff was forced to endure costs and attorney fees to enforce the terms of the settlement and their rights under the law.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and

severally, against the Defendants:

(A) full and fair compensatory damages for each and every cause of action for Plaintiff against Defendants (individually or collectively) as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses, and disbursements of this action; and

(D) such other and further relief as appears just and proper.


Dated: New York, New York
       September 1, 2023


                                                    Respectfully,


                                                    /s/ Devon M. Radlin, Esq.
                                                    DEVON M. RADLIN, ESQ.
                                                    305 Broadway – 7th FL
                                                    New York, New York 10007
                                                    Tel. No.: (212) 406-9200
                                                    By: Devon M. Radlin, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SoCap USA, Inc.,

                        Plaintiff,

        -against-

SO. CAP. SRL, SHE SRL, SHE USA, INC.
SHE Hair Pro aka SHE Hair Extensions, Alain Hair
Extensions Co., Sacha Q Project Inc., Sacha Quarles,
Antonio Di Biase, ADB Corp., John and Jane Does 1-5
ABC Corp. 1-5,

                        Defendants.

COMPLAINT

**DEVON M. RADLIN**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**305 Broadway – 7th Floor**
**NEW YORK, N.Y. 10007**
**(212) 406-9200**

| To: | Signature (Rule 130-1.1-a) |
|---|---|
| _____ | |
| Print name beneath | Attorney(s) for |

| Service of a copy of the within | is hereby admitted. |
|---|---|
| Dated, | |
| _____ | |
| | Attorney(s) for |

Please take notice
ˆ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
ˆ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                                        on

Yours, etc.
To:                                     DEVON M. RADLIN
                                        Attorney for Plaintiff
Attorney(s) for:                        **305 Broadway – 7th Floor**
                                        **NEW YORK, NY 10007**