UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOCAP USA, INC.,

                        *Plaintiff*,

    v.

SO.CAP S.R.L.; SHE S.R.L.; SHE USA, INC.; SHE HAIR PRO *a/k/a* SHE HAIR EXTENSIONS; ALAIN HAIR EXTENSIONS CO.; SACHA Q PROJECT, INC.; SACHA QUARLES; ANTONIO DI BIASE; *and* ADB CORP.,

                        *Defendants*.

No. 23-CV-7797 (KMK)

<u>AMENDED ORDER & OPINION</u>

---

<u>Appearances</u>:

Vik Pawar, Esq.
Vik Pawar, Attorney at Law
New York, NY
*Counsel for Plaintiff*

Devon M. Radlin, Esq.
Law Offices of Devon M. Radlin
New York, NY
*Counsel for Plaintiff*

Mark Ellis, Esq.
Lawrence K. Iglesias, Esq.
Ellis Law Group, LLP
Sacramento, CA
*Counsel for Sacha Q Project, Inc., Sacha Quarles, and ADB Corp.*

Ronald Lefton, Esq.
Rachel Lois Izower-Fadde, Esq.
Izower Lefton, LLP
Garden City, NY
*Counsel for Sacha Q Project, Inc., Sacha Quarles, ADB Corp., and Antonio Di Biase*

KENNETH M. KARAS, United States District Judge:

SoCap USA, Inc., ("Plaintiff") brings this Action against So.Cap S.R.L., SHE S.R.L., SHE USA, Inc., SHE Hair Pro a/k/a SHE Hair Extensions, Alain Hair Extensions Co., Sacha Q Project, Inc., Sacha Quarles ("Quarles"), Antonio Di Biase, and ADB Corp. alleging breach of contract and tortious interference. (*See generally* Second Am. Compl. ("SAC") (Dkt. No. 58).) Sacha Q Project, Inc., Sacha Quarles, and ADB Corp. (collectively, "Defendants") bring this Motion to Dismiss (the "Motion"). (*See* Not. of Mot. (Dkt. No. 68).) For the reasons discussed below, the Motion is denied.

## I. Background

### A. Materials Considered

Plaintiff appends a number of materials to its Second Amended Complaint, including an October 2019 settlement agreement ("Settlement Agreement" or "Agreement"), (SAC, Ex. 1 (Dkt. No. 58-1)); a notice of default dated April 18, 2023 ("April 2023 Notice of Default"), (*id.*, Ex. 2 (Dkt. No. 58-2)), invoices and purchase orders, (*id.*, Ex. 3 (Dkt. No. 58-3)), sales summaries for SHE Hair Extensions, (*id.*, Ex. 4 (Dkt. No. 58-4)), emails to and from Quarles in May 2021 and April 2023, (*id.*, Ex. 5 (Dkt. No. 58-5)), and a letter dated July 12, 2021, regarding royalty payments, (*id.*, Ex. 6 (Dkt. No. 58-6)).

Generally, "[w]hen considering a motion to dismiss, the Court's review is confined to the pleadings themselves," because "[t]o go beyond the allegations in the Complaint would convert the Rule 12(b)(6) motion to dismiss into one for summary judgment pursuant to [Rule] 56." *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002). "Nevertheless, the Court's consideration of documents attached to, or incorporated by reference in the Complaint, and matters of which judicial notice may be taken, would not convert the

motion to dismiss into one for summary judgment." *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may "consider the complaint in its entirety . . ., documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (quotation marks omitted)); *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken.'" (alteration adopted) (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993))).

The Court will take judicial notice of these materials because "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," *Markatos v. Citibank, N.A.*, 760 F. Supp. 3d 70, 74–75 (S.D.N.Y. Dec. 18, 2024) (alteration adopted) (quotation marks omitted) (quoting Fed. R .Civ. P. 10(c)), and because the materials are integral to the Second Amended Complaint, *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021) ("[C]ourts may on a Rule 12(c) motion—just as on a Rule 12(b)(6) motion—consider extrinsic material that the complaint incorporates by reference, that is integral to the complaint, or of which courts can take judicial notice." (alteration, quotation marks, and citation omitted)). Further, Defendants do not dispute the materials' authenticity or that they are "capable of accurate and ready determination." *O'Neill v. Standard Homeopathic Co.*, 346 F. Supp. 3d 511, 519 n.2 (S.D.N.Y. 2018).

The Court notes that even though it takes judicial notice of these documents, "their purposes at the motion[]to[]dismiss stage are limited," as they can only be used to "determin[e] what the documents state," not to "prove the truth of their contents." *Hesse v. Godiva*

*Chocolatier, Inc.*, 463 F. Supp. 3d 453, 462 (S.D.N.Y. 2020) (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

B.  Factual Background

The following facts are drawn from the Second Amended Complaint and appended materials and are assumed true for the purposes of resolving the instant Motion. *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).

1.  2002 Marketing Agreement

So.Cap S.R.L. (together with SHE S.R.L. and SHE USA, Inc., the "SHE Companies") is an Italian company owned by the Di Biase family in the business of hair extension products ("SHE Products"). (SAC ¶¶ 4(a); 4(g).) In 2002, Plaintiff, a New York-based corporation, entered into "an exclusive marketing and distributorship agreement" with So.Cap S.R.L. that granted Plaintiff "an exclusive right to sell . . . hair extension products in North and Central America." (*Id.* ¶¶ 4(a), (f), (i).) Plaintiff spent approximately two million dollars from 2002 to 2017 marketing and promoting SHE Products "and build[ing] goodwill in its trademark(s) and products throughout the United States." (*Id.* ¶¶ 4(b), (j).)

2.  2017 Action and Settlement Agreement

In July 2017, Plaintiff initiated an action ("2017 Action") alleging that So.Cap S.R.L had formed its own company, SHE USA, Inc., for the purpose of "circumvent[ing] Plaintiff and . . . directly selling [SHE Products] in the North American market." (*Id.* ¶¶ 3, 4(b).) Plaintiff asserted claims for breach of contract, unfair competition, promissory estoppel, and unjust enrichment. (*Id.* ¶ 4(d).) In October 2019, the parties to that action, including Plaintiff, SHE S.R.L., So.Cap S.R.L., Sacha Quarles, Sacha Q Project, Inc., Sacha Q, Inc., and BFD, Inc., entered into a Settlement Agreement. (*Id.* ¶ 5; *see also* Settlement Agreement.)

The Settlement Agreement provided that Plaintiff would have a five-year period of exclusivity to sell SHE Products in New York, Connecticut, and New Jersey. (*See* Settlement Agreement §§ ii, 6(a).) Plaintiff was guaranteed a purchase price for SHE Products "not higher than the lowest prices charged to Quarles, the Quarles Companies and/or any Third Party," and Plaintiff could request "agreements and/or invoicing showing pricing between SHE Companies" and third parties. (*Id.* §§ 6(i), (i)(i).) The Agreement also provided that SHE Companies would pay Plaintiff royalties on their gross sales for four years following the Agreement's execution. (*Id.* § 6(r).) In the event that SHE Companies contracted with a third party for sale or distribution in Plaintiff's exclusive territory, Plaintiff would "be given a chance to participate [in] the deal" or else negotiate a royalty arrangement. (*Id.* § 6(o).) Signatories were required to maintain accurate records to facilitate the computation of royalties and Plaintiff was given the right to quarterly inspect SHE Companies' books and records. (*Id.* § 6(t).) The Agreement provided in multiple provisions that, "[s]hould the Parties not be able to agree to terms within thirty (30) days, the dispute shall be presented to the mediator, John Delehanty, for a decision, which decision shall be binding on the Parties and deemed an additional term to this Settlement Agreement." (*See id.* §§ 6(n), (o).) In the case of a breach, the Agreement provided that:

> Unless another time period is specified above, the Parties agree that if any Party to this Settlement Agreement breaches its obligations herein, the Party aggrieved by this breach shall notify the breaching Party and its counsel within 30 days of its discovery of the breach by Email and Priority Mail setting forth in detail the facts substantiating the breach and the damages, if any, incurred by the aggrieved Party as a result of the breach. The Party which receives this notice shall have 30 days after receipt to cure the breach. If the breach is not cured within this 30-day period, the Parties shall seek to resolve this dispute under the mediation provisions in this Settlement Agreement. The mediator's fees and costs arising out of any mediation under this Settlement Agreement shall be shared equally by the Parties. If this dispute is not resolved through mediation, the aggrieved Party may seek a remedy for the breach through the appropriate judicial process. If the aggrieved Party establishes that the other Party's breach was willful, among its other remedies, it may seek the termination of that Party's rights under the Settlement Agreement.

(*Id.* § 8.)

    3.  Alleged Breach

Plaintiff alleges that Defendants "have failed to abide by the [t]erms of the [Settlement Agreement]." (SAC ¶ 7.) Specifically, Plaintiff alleges that from 2020 on, "Defendants have failed to provide 'most favorable terms' to Plaintiff," including the lowest prices for products (*id.* ¶¶ 7(a), (b), (d)); failed to provide documentation to Plaintiff, including accurate invoices and records, (*id.* ¶¶ 7(c), (f), (k), (l), (m)); refused to submit to an audit, (*id.* ¶¶ 7(g), (j), (n), (o)); withheld certain products from Plaintiffs, (*id.* ¶ 7(i), (q)); sold products to competitors in Plaintiff's territory, (*id.* ¶ 7(r)); and improperly withheld or deducted royalties due to Plaintiff, (*id.* ¶ 7(h), (p)). Plaintiff also alleges that Quarles "admitted in an email that he was aware of violating the Agreement . . . ." (*Id.* ¶ 7(e).)

Finally, Plaintiff alleges that, "[i]n addition to the original defendants [to the 2017 Action], additional defendants have benefitted from the plaintiff's name and goodwill, and further exploited the Agreement to their benefit and to the detriment of the [P]laintiff." (*Id.* ¶ 8.)

6

C.  Procedural Background

On September 1, 2023, Plaintiff initiated this Action alleging breach of contract, contempt of court for failure to comply with subpoenas[,] and "costs and attorneys' fees." (*See generally* Compl. (Dkt. No. 1).)  On November 7, 2023, Plaintiff argued that Victor Lee, an attorney who represented some of the Defendants in the 2017 Action, should be compelled to accept service on behalf of Defendants.  (*See* Dkt. No. 12.)  On November 14, 2023, the Court directed Plaintiff to provide "authority outlining when compelling an individual to accept service is appropriate."  (*See* Dkt. No. 15.)  Plaintiff failed to do so.  (*See generally* Dkt.)  On June 25, 2024, Plaintiff filed its First Amended Complaint with the same three causes of action as the original Complaint.  (*See generally* Dkt. No. 53.)

On August 1, 2024, Plaintiff filed its Second Amended Complaint.  (*See* SAC.)  On November 13, 2024, the Court adopted a schedule for briefing and discovery.  (*See* Dkt. No. 67.)  Discovery is ongoing.  (*See, e.g.*, Dkt., minute entry dated August 7, 2025 (noting that Magistrate Judge Krause held a status conference regarding discovery).)  On December 6, 2024, Defendants filed their Motion.  (*See* Not. of Mot.; Defs' Mem. in Supp. ("Defs' Mem.") (Dkt. No. 68-1).)  On January 16, 2025, Plaintiff filed its Opposition.  (*See* Pl's Mem. in Opp. ("Pl's Opp.") (Dkt. No. 74).)  On January 24, 2025, Defendants filed their Reply.  (*See* Defs' Reply Mem. in Supp. ("Defs' Reply") (Dkt. Nos. 75–76).)[1]

---

[1] On January 24, 2025, Defendants filed two identical reply briefs.  (*Compare* Dkt. No. 75 *with* Dkt. No. 76.)

7

II.  Discussion

A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *Id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior

8

era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T & M Prot. Res., Inc.,* 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B.  Analysis

Defendants argue that Plaintiff failed to perform in compliance with the Settlement Agreement, thereby barring its breach of contract claim, (*see* Defs' Mem. 8), and that Plaintiff has failed to plausibly allege a tortious interference claim, (*see id.* 9.)  Plaintiff has explicitly abandoned its claim for tortious inference.  (Pl's Opp. 1 n.1.)[2]  Accordingly, the Court addresses only the breach of contract claim.

---

[2] *See Glover v. Grimaldi*, No. 23-CV-5019, 2025 WL 919930, at *5 (S.D.N.Y. Mar. 26, 2025) (refusing to address certain claims that plaintiff had explicitly abandoned); *Matos v. Discovery Commc'ns, LLC*, 750 F. Supp. 3d 307, 326–27 (S.D.N.Y. 2024); *see also Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 807 (S.D.N.Y. 2021) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (alterations and citation omitted)); *Laface v. E. Suffolk BOCES*, No. 18-CV-1314, 2019 WL 1959489, at *8 (E.D.N.Y. May 2, 2019) ("In the Second Circuit, a

"In a breach of contract case, a plaintiff must plead (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Aubrey v. New Sch.*, 624 F. Supp. 3d 403, 413 (S.D.N.Y. 2022) (citation and internal quotation marks omitted); *Markatos*, 760 F.Supp.3d at 84 (same). "[A] breach of contract claim will be dismissed where a plaintiff fails to allege the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." *Generation Next Fashions Ltd. v. JP Morgan Chase Bank, NA.*, 698 F. Supp. 3d 663, 673–74 (S.D.N.Y. 2023) (internal quotation marks omitted) (citing *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 644–45 (S.D.N.Y. 2011)).

"[W]hen the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein,' and '[t]he words and phrases used in an agreement must be given their plain meaning so as to define the rights of the parties." *Shelomentseva v. Computools LLC*, No. 21-CV-5560, 2023 WL 8613556, at *3 (E.D.N.Y. Nov. 13, 2023) (quoting *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12–13 (2d Cir. 2019)), *aff'd*, No. 23-7921, 2024 WL 4509113 (2d Cir. Oct. 17, 2024). Furthermore, "[w]here 'the parties' intent is unambiguously conveyed by the plain meaning of the agreements, . . . interpretation is a matter of law.'" *Edwards*, 938 F.3d at 13 (quoting *Crane Co. v. Coltec Indus., Inc.*, 171 F.3d 733, 737 (2d. Cir. 1999)). "At the motion to dismiss stage, a district court may dismiss a breach of contract claim only if the terms of the contract are unambiguous." *Id.* (quoting *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156 (2d Cir. 2016)).

---

plaintiff's failure to respond to contentions raised in a motion to dismiss constitute[s] an abandonment of those claims." (alteration and quotation marks omitted) (collecting cases)).

10

There is no dispute that the Parties had a contract in the form of the Settlement Agreement. (*See* Defs' Mem. 9–11; Pl's Opp. 2–3.)[3] The Parties, however, dispute whether Plaintiff performed in accordance with the Settlement Agreement. Specifically, Defendants argue that Plaintiff failed to comply with conditions precedent to filing suit that are provided in Section 8 of the Settlement Agreement. (*See* Defs' Mem. 9–12.) Plaintiff responds that it has "allege[d] that [it] performed [its] end of the bargain and [D]efendants breached their obligations." (Pl's Opp. 3.) Plaintiffs also claim that "Defendants may not dispute the allegations made by the Plaintiff under a Rule 12(b)(6) motion." (*Id.* 4).

"'Adequate performance' of a plaintiff's obligations under a contract includes satisfaction of conditions precedent to the defendant's obligations." *Boustead Sec., LLC v. Leaping Grp. Co.*, No. 20-CV-3749, 2022 WL 2467736, at *4 (S.D.N.Y. July 6, 2022) (quoting *Harbinger F&G, LLC v. OM Grp. (UK) Ltd.*, No. 12-CV-5315, 2015 WL 1334039, at *22 (S.D.N.Y. Mar. 18, 2015)); *id.* ("A party seeking to enforce a contractual obligation subject to a condition precedent to performance must show it has satisfied all its obligations under the contract by a preponderance of the evidence."). A condition precedent is an "act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises." *O.F.I. Imports Inc. v. Gen. Elec. Cap. Corp.*, 2017 WL 3084901, at *5 (S.D.N.Y. July 20, 2017). Federal Rule of Civil Procedure 9 states that, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or

---

[3] Defendants state that "Plaintiff[] ha[s] not pled every essential element" of a breach of contract claim, (Defs' Mem. 10), but do not substantively address the first element, existence of a contract, or the third, their own alleged breach, or the fourth, damages, (*see generally id.*; Defs' Reply). Accordingly, because Plaintiff explicitly argues the first element is satisfied, (Pl's Opp. 2), and Defendants fail to address it, the Court will consider this element met.

11

been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). A plaintiff, therefore, "may allege their own performance under a contract generally." *Spencer-Smith v. Ehrlich*, 347 F.R.D. 606, 617 (S.D.N.Y. 2024) (collecting cases); *Superior Site Work, Inc. v. Nasdi, LLC*, 2016 WL 526238, at *6 (E.D.N.Y. Feb. 9, 2016) ("[M]ost district courts have interpreted the [Rule 9(c)] to require, at most, a general averment to the satisfaction of any conditions precedent." (quotation marks omitted)).

Defendants' arguments as to Plaintiff's failure to perform go only to Plaintiff's alleged failure to comply with Section 8 of the Settlement Agreement. But a "plaintiff must plead the satisfaction of a condition only when that condition is precedent to the contractual obligation the defendant is alleged to have breached. The plaintiff need not plead satisfaction of a contractual condition to the filing of a lawsuit." *Spencer-Smith*, 347 F.R.D. at 618; *see also id.* at 620 (collecting cases); *Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 648 (E.D.N.Y. 2012) ("[I]t is clear that even where courts require allegations in the complaint with regard to the satisfaction of conditions precedent, courts have consistently accepted only general averments of their fulfillment."). Plaintiff alleges that it "complied with conditions precedent as to this lawsuit by taking steps, including but not limited to the following, (1) Serving a Notice of Default and Breach dated April 18, 2023; and (2) attempting mediation which was unsuccessful." (SAC ¶ 6 (citation omitted).) This suffices as a general allegation of satisfaction of conditions precedent. *See Raspberry Holdings LLC v. NextBank Int'l Inc.*, No. 24-CV-1529, 2025 WL 438270, at *8 (S.D.N.Y. Feb. 7, 2025) (denying a motion to dismiss a breach of contract claim where plaintiff generally alleged compliance with conditions precedent); *Spencer-Smith*, 347 F.R.D. at 618–22 (concluding that plaintiff's "general[] alleg[ations] that she

performed all her obligations under the [contract]" sufficed, at the motion to dismiss stage, to plead performance of conditions precedent). Section 8 does not provide a condition to the performance of any duty that forms the basis of Plaintiff's claim. Rather, the provisions that Defendants are alleged to have violated are unconditional—the duty to perform in accordance with those provisions arose when the Settlement Agreement was executed. For example, there is no conditional language with respect to Plaintiff's exclusive territory, (Settlement Agreement § 6(a)), or with respect to the provision that purchase prices charged to Plaintiff must be "no higher than the lowest prices charged to Quarles" and other third parties, (*id.* § 6(i)), or with respect to the requirement that SHE Companies maintain complete and accurate books and records, (*id.* § 6(t)). Section 8 clearly is "not a condition whose existence was necessary for the[se] obligation[s] to come into being." *Spencer-Smith*, 347 F.R.D. at 621 (citation and quotation marks omitted). Rather, "the[se] obligation[s] subsisted in the [Settlement] Agreement itself." *Id.*

Even if the conditions at issue were precedent to the contractual obligations that Defendants are alleged to have breached, Defendants' arguments have not been made with the particularity required by Rule 9(c). Rather, Defendants argue simply that Plaintiff has failed to plausibly allege satisfaction of the conditions precedent. (*See* Defs' Mem. 10–12.) This does not serve as an affirmative defense that denies with particularity Plaintiff's general allegation of satisfaction. *See Pike Co., Inc. v. Universal Concrete Prods., Inc.*, 616 F. Supp. 3d 253, 260 (W.D.N.Y. 2022) (finding that a "general denial of [an] allegation" was insufficiently particular under Rule 9(c)). Defendants do not make any other arguments as to Plaintiff's breach of contract claim. Accordingly, Defendants' Motion is denied.

13

III.  Conclusion

For the reasons set forth above, Defendants' Motion is denied.  The Court notes that there is no indication that Defendants So.Cap S.R.L., SHE S.R.L., SHE USA, Inc., and Alain Hair Extensions Co. (collectively, the "Unserved Defendants") have been served.  (*See generally* Dkt.)  "In general, plaintiffs must serve defendants within ninety days after their complaint is filed."  *Ashmeade v. Amazon.com*, No. 23-CV-4331, 2024 WL 4266391, at *10 (S.D.N.Y. Sept. 23, 2024) (citing Fed. R. Civ. P. 4(m)).  It has been over 500 days since Plaintiff initiated this Action.  Because Plaintiff has failed to serve the Unserved Defendants, Plaintiff is hereby ordered to properly serve the Unserved Defendants within thirty days of the date of this Opinion & Order.  If Plaintiff fails to do so, the Court may dismiss this Action without prejudice as against the Unserved Defendants.  *See* Fed. R. Civ. P. 4(m).

The Clerk of the Court is respectfully directed to terminate the pending Motion.  (Dkt. No. 68.)

The Court issues this Amended Order & Opinion because it had previously included SHE Hair Pro a/k/a SHE Hair Extensions in the group of Unserved Defendants, but this entity had, in fact, been served.  (*See* Dkt. 18.)

SO ORDERED.

Dated:   October 23, 2025
         White Plains, New York

KENNETH M. KARAS
United States District Judge